IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEANNA DAVIS, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-2084 |
| | § | |
| TRIUS TRUCKING, INC. AND | § | |
| DENNIS SEAN LUCERO, | § | |
| | § | |
| Defendants | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Keanna Davis files this Original Complaint against Trius Trucking, Inc. ("Trius"), a corporation, and Dennis Sean Lucero, an individual, and respectfully alleges as follows:

### I.
### PARTIES

1. Plaintiff Keanna Davis is an individual and resident of Dallas County, Texas.

2. Defendant Trius Trucking, Inc. is a California corporation. Its corporate headquarters are in Fowler, California. It may be served with process by and through its registered agent, Tehal S. Thandi, located at 4692 E. Lincoln Avenue, Fowler, California 93625.

3. Defendant Dennis Sean Lucero is an individual and resident of Stockton, California, who may be served with process at his residence of 3518 Fourteen Mile Drive, Stockton, California 95219.

## II.
## JURISIDICTION AND VENUE

4.     This Court has jurisdiction over this matter pursuant to 28 United States Code section 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

5.     Venue is proper in the Dallas Division of the Northern District of Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Dallas County, Texas. Specifically, the motor vehicle collision that is the basis of this suit occurred in Dallas, Texas.

## III.
## CONDITIONS PRECEDENT

6.     All conditions precedent have been performed or have occurred.

## IV.
## FACTS

7.     This case arises from a vehicle collision that occurred on March 20, 2021, at approximately 11:20 p.m. on IH35 near Kiest Boulevard in Dallas County, Texas.

8.     At the time of the collision, Defendant Mr. Lucero was operating a tractor-trailer owned by Defendant Trius, which is believed by Plaintiff to be Defendant Mr. Lucero's employer.

9.     Defendant Trius entrusted the tractor-trailer involved in this collision to Mr. Lucero.

10.    Upon information and belief, Defendant Mr. Lucero was, at all relevant times, an employee, agent, or independent contractor of Defendant Trius, acting within the course and scope of his employment or agent-principal relationship.

11.    While Defendant Mr. Lucero was operating Defendant Trius' tractor-trailer, Mr. Lucero followed closely behind Plaintiff Keanna Davis' vehicle.

12. Due to upcoming construction, traffic was directed to merge into one lane.

13. Mr. Lucero, while following closely to Plaintiff's vehicle and attempting to merge into the single lane of traffic, caused Defendants' tractor-trailer to collide into the rear and left side of Ms. Davis' vehicle.

14. As a result of the collision, Plaintiff suffered injuries and damage to Plaintiff's vehicle. Plaintiff Ms. Davis has experienced physical pain and suffering and mental anguish in addition to his economic damages, as detailed below.

## V.
## NEGLIGENCE OF DEFENDANT DENNIS SEAN LUCERO

15. Defendant Dennis Sean Lucero owed a duty to the public, including Ms. Davis, to exercise ordinary care in the operation of a motor vehicle on public roadways. He failed to exercise ordinary care and thus breached his duty of care in the following ways:

    a. Failing to keep a safe distance;

    b. Failing to control the tractor-trailer's speed;

    c. Failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

    d. Failing to properly and timely apply the tractor-trailer's brakes to avoid the collision referenced above;

    e. Failing to take proper evasive measures to avoid the collision referenced above;

    f. Driving in a reckless manner;

    g. Driver inattention;

    e. Upon information and belief, driving while distracted; and

    f. Failure to give proper warning upon an impending collision.

16. Defendant Mr. Lucero's failure to exercise ordinary care proximately caused Plaintiff's injuries.

## VI.
## NEGLIGENCE PER SE OF DEFENDANT DENNIS SEAN LUCERO

17. For the reasons stated above, Defendant Mr. Lucero recklessly drove a vehicle in willful or wanton disregard for the safety of persons or property. Specifically, Defendant violated the following statutes:

   a. In failing to keep a safe following distance. Tex. Transp. Code Ann. § 545.062;

   b. In failing to control speed. Tex. Transp. Code Ann. § 545.351; and

   c. In driving in a reckless manner. Tex. Transp. Code Ann. § 545.401.

18. Such acts and/or omissions constitute negligence per se. This negligence per se proximately caused Plaintiff's injuries.

## VII.
## RESPONDEAT SUPERIOR

19. Defendant Trius is responsible for the actions of Mr. Lucero under the doctrine of *respondeat superior*. Plaintiff was injured due to the negligence, negligence per se, and gross negligence of Trius' employee or agent, Mr. Lucero. Upon information and belief, Mr. Lucero was a Trius employee acting in the course and scope of employment when the above-described acts and/or omissions were committed.

## VIII.
## NEGLIGENT ENTRUSTMENT BY TRIUS

20. The occurrence made the basis of this suit, referred to above, and the resulting damages were proximately caused by the negligent conduct of Defendant Mr. Lucero, acting in the course and scope of employment and on behalf of Trius. On the occasion in question:

a. Upon information and belief, Defendant Trius was the owner of the tractor-trailer operated by Defendant Mr. Lucero on the date of the incident;

b. Defendant Trius entrusted the tractor-trailer to Mr. Lucero as a reckless or incompetent driver;

c. Defendant Mr. Lucero was negligent on the date of the incident; and

d. Defendant Mr. Lucero's negligence was the proximate cause of Plaintiff's injuries and damages.

### IX.
### NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

21. *Negligent Hiring.* Defendant Trius had a duty to hire competent employees. Upon information and belief, Defendant Trius breached that duty by hiring Defendant Mr. Lucero, due to inadequate screening measures and/or because Defendant Mr. Lucero was an incompetent or unqualified driver. Upon information and belief, Defendant Trius' failure to perform adequate pre-employment screening measures and hiring practices and/or its hiring of an incompetent or unqualified driver proximately caused Plaintiff's injuries. Furthermore, Plaintiff's injuries are a harm of the type for which the law permits recovery.

22. *Negligent Training.* Defendant Trius had a duty to train competent employees. Upon information and belief, Defendant Trius breached that duty by failing to train, or by inadequately training Defendant Mr. Lucero. Upon information and belief, Defendant Trius' training practices as they relate to Defendant Mr. Lucero fell below the standard that a reasonably prudent trucking/transportation/distribution company would have maintained. Upon information and belief, this breach of Trius' duty to train competent employees proximately caused Plaintiff's injuries and damages.

23. *Negligent Supervision.* Defendant Trius had a duty to supervise its employees.

Upon information and belief, Defendant Trius breached that duty by failing to supervise, or by inadequately supervising Defendant Mr. Lucero. Upon information and belief, Defendant Trius supervision as it related to Defendant Mr. Lucero fell below the standard that a reasonably prudent trucking, transportation, or distribution company would have maintained. Upon information and belief, this breach of Trius' duty to supervise Defendant Mr. Lucero proximately caused Plaintiff's injuries and damages.

24.     *Negligent Retention*. Defendant Trius had a duty to retain competent employees. Upon information and belief, Defendant Trius breached that duty by retaining Defendant Mr. Lucero, an incompetent and/or unqualified driver. Upon information and belief, Defendant Trius' retention practices, as they relate to Defendant Mr. Lucero, fell below the standard that a reasonably prudent trucking, transportation, or distribution company would have maintained. Upon information and belief, this breach of Trius' duty to retain competent employees proximately caused Plaintiff's injuries and damages.

## X.
## GROSS NEGLIGENCE OF DEFENDANTS

25.     As stated previously, Defendant Mr. Lucero had a duty to exercise ordinary care in the operation of a tractor-trailer. Defendant Trius owed a duty to exercise ordinary care in its hiring, supervision, training, and retention of employees and in the entrustment of its tractor-trailer. For the reasons set forth above, Defendant Mr. Lucero recklessly drove a vehicle in willful or wanton disregard for the safety of persons or property. Such acts or omissions constitute gross negligence.

26.     The acts and/or omissions of the Defendants, when viewed objectively from Defendants' standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others. Further, Defendants had

actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including the public and Plaintiff.

27. This willful or wanton disregard for the safety of persons or property proximately caused Plaintiff's injuries. Thus, the Defendants are liable for gross negligence and exemplary damages.

28. Additionally, for the reasons stated above as they relate to negligent hiring, retention, supervision, and training, and the negligent entrustment of a vehicle to Defendant Mr. Lucero, Plaintiff alleges that Defendant Trius is also liable for gross negligence and exemplary damages, as further detailed above.

## XI.
## DAMAGES

29. Plaintiff Keanna Davis sustained injuries in the collision referenced above as a direct and proximate result of Defendants' acts and omissions.

30. As a direct and proximate result of the occurrence made the basis of this lawsuit, Ms. Davis has incurred the following damages:

    a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of Plaintiff's injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services;

    b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

    c. Physical pain, suffering, and mental anguish in the past and future;

    d. Physical impairment in the past and future;

    e. Property damage;

    f.   Loss of enjoyment of life;

    g.   Loss of household services in the past and which will, in all reasonable probability, be incurred in the future;

    h.   Loss of wages in the past;

    i.   Loss of wages that will, in all reasonable probability, be incurred in the future; and

    j.   Exemplary damages.

## XII.
## JURY DEMAND

31.    Plaintiff requests her right to a jury trial afforded by the Texas Constitution and the United States Constitution. Plaintiff has tendered, or will tender, the requisite fee to the District Clerk.

## XIII.
## PRAYER

32.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may show herself to be entitled by law or in equity.

Respectfully submitted,

*/s Kim Jones Penepacker*
KIM JONES PENEPACKER
State Bar No. 24101976
Kim@thetexaslawdog.com

MATTHEW E. AUSLBROOK
State Bar No. 24093880
Matt@thetexaslawdog.com
**AULSBROOK LAW FIRM, PLLC**
420 E. Lamar Blvd., Ste. 110
Arlington, Texas 76011
Tel. 817.775.5364
Fax 817.381.5892
**ATTORNEYS FOR PLAINTIFF**